IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VICTOR SANTANA,                          )
                                         )
                    Plaintiff,           )
                                         )
        v.                               )        No.  09 C 5027
                                         )
COOK COUNTY BOARD OF REVIEW,             )
et al.,                                  )
                                         )
                    Defendants.          )

MEMORANDUM ORDER

Counsel for Victor Santana ("Santana") has just delivered to this Court's chambers a copy of Santana's Complaint against the County of Cook, its Board of Review ("Board"), three Board Commissioners, Board's Chief Deputy Commissioner and two First Assistant Board Commissioners. This memorandum order is issued sua sponte because the Complaint flouts some fundamental principles of federal pleading.

For more than seven decades the Federal Rules of Civil Procedure ("Rules") have prescribed a notice pleading regimen, rather than the fact pleading practice that prevails in the Illinois state courts. Rule 8(a) uses the term "short and plain statement" not once but twice in speaking of a plaintiff's pleading:

    (a)   A pleading that states a claim for relief must
          contain:

              (1) a short and plain statement of the
          grounds for the court's jurisdiction, unless the
          court already has jurisdiction and the claim needs
          no new jurisdictional support;

(2) a short and plain statement of the claim
    showing that the pleader is entitled to relief;
    and

    (3) a demand for the relief sought, which may
    include relief in the alternative or different
    types of relief.

Moreover, consistently with the conceptual distinction between

the fundamental federal concept of a "claim" and the state

courts' "cause of action" concept (see <u>NAACP v. Am. Family Mut.

Ins. Co.</u>, 978 F.2d 287, 291-93 (7th Cir. 1992)), Rule 10(b)

prescribes the use of separate counts only in these terms:

    If doing so would promote clarity, each claim founded
    on a separate transaction or occurrence--and each
    defense other than a denial--must be stated in a
    separate count or defense.[1]

    In this case Santana's counsel has occupied more than 60

pages, comprising no fewer than 269 paragraphs divided into 19

so-called "counts," in setting out Santana's grievances.  Neither

the defense counsel nor this Court may fairly be required to cope

with such an obviously noncompliant pleading.  Moreover, even on

Santana's own terms many of the purported counts are problematic.

Without seeking to be exhaustive, this Court has noted at least

these matters (it should be understood that what follows do not

---

    [1]  [Footnote by this Court]  That limited use of separate
counts is all of a piece with the basic principle that different
theories of recovery for a single claim (again see <u>NAACP</u>) are not
to be used as the basis for setting apart different strands of
that claim, as would be the case for each different theory of
recovery that might perhaps be labeled a different "cause of
action."

reflect this Court's ultimate rulings on the subjects discussed hereafter--except as to the clearly improper Count III--but are rather its threshold impressions as to the various counts):

1. It appears that Santana's grievances stem from his having been barred "from the private office area" of the Board (Complaint ¶13) and, because he is apparently not a lawyer, from being permitted to represent taxpayers before the Board as specified in its Rule 1, quoted in Complaint ¶72:

> Individual taxpayers may retain an attorney or represent themselves before the Board. Other taxpayers, including corporations, must be represented by an attorney. A person who is not an attorney may not represent a taxpayer before the Board.

In candor, this Court needs an explanation as to Santana's (or anyone else's) asserted property or liberty interest (a) in being admitted to the private office area at the Board (Complaint ¶13) or (b) in the claimed right, as a nonlawyer, to represent taxpayers before the Board (even though nonlawyer Board personnel may be permitted to assist taxpayers in dealing with their questions).

2. In light of the foregoing, any claim of deprivation of liberty or property without due process (Count I, ¶¶83-92) would appear to be questionable at best.

3. Santana's reputational claims (Count II, ¶¶93-111; Count XI, ¶¶190-196; Count XII, ¶¶197-205; and Count XIX,

¶¶262-69), even apart from their ringing changes on the same theme (the cause-of-action problem), also seem problematic.

4.  Count III, ¶¶112-26, reflects a total misunderstanding of the scope of 42 U.S.C. §1985(3).  It is stricken without leave to replead.

5.  Challenges to Board Rule 1 on grounds of asserted vagueness (Count IV, ¶¶127-39) and overbreadth (Count VIII, ¶¶171-76) appear to lack merit.  If for example the Board permits the principal in a corporation to appear on the corporation's behalf even though he or she is a nonlawyer, that would not seem to support any right of a nonlawyer to engage in the general representation of individual taxpayers or of any corporation in which the nonlawyer is not a principal.

6.  This Court also has difficulty in understanding the asserted rights of freedom of speech (Count V, ¶¶140-49) or freedom of association (Count VI, ¶¶150-59) as extending to representation before the Board by a nonlawyer representative.

7.  Count VII, ¶¶160-70 asserts violations of RICO. Santana's counsel would do well to review the Supreme Court's insistence on "plausibility" in the Twombly and Iqbal cases.

8.  Asserted infliction of emotional distress, whether

intentional (Count IX, ¶¶177-83) or negligent (Count X, ¶¶184-89), appears to fail the restrictive standards imposed on such claims by state law.

9. Claims of tortious (Count XIII, ¶¶206-13) or negligent (Count XIV, ¶¶214-22) interference with contractual relations, or tortious (Count XV, ¶¶223-32) or negligent (Count XVI, ¶¶233-43) interference with prospective business relations, would likewise appear to face difficulties where the individuals charged were acting in the interests of their Board employer rather than their own personal interests.

10. Lastly, any purported state law claims of abuse of process and Illinois public policy (Count XVII, ¶¶244-53) and of the wrongful use of civil proceedings (Count XVIII, ¶¶254-61) seem amorphous. They may well illustrate the concept that if any of Santana's allegations do prove viable as federal questions, it might be well to eschew--without prejudice, of course--any state law questions that could call for entering uncharted waters.

In light of what has been said here, it would place an undue burden on defendants and their counsel to compel them to respond to a pleading so much at odds with federal pleading principles. Accordingly, the present Complaint is stricken in its entirety, but without prejudice of course to Santana's ability to plead

over (except as to Count III) on or before August 31, 2009 in a manner that fits the standards and purposes of the Rules.

_____
Milton I. Shadur
Senior United States District Judge

Date:  August 18, 2009