IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

VICTOR SANTANA,                    )
                                   )
               Plaintiff,          )
                                   )
     v.                            )    No.  09 C 5027
                                   )
COOK COUNTY BOARD OF REVIEW,       )
et al.,                            )
                                   )
               Defendants.         )

                          MEMORANDUM ORDER

    In this Court's view Fed. R. Civ. P. ("Rule") 8 is intended to foster straightforward communication between the parties to a federal lawsuit--identification of a claim by the plaintiff (Rule 8(a)) and a forthright identification by the defendant or defendants of what matters are and what matters are not in controversy (Rule 8(b)).  That view seems to be regarded by a good many lawyers as simplistic (or perhaps as old-fashioned), with the result being that all too often this Court finds itself devoting time to point out perceived obfuscation in responsive pleadings that ought to be spent more constructively.[1]

    Just so here.  Although no effort will be made in this memorandum order to treat with all of the shortcomings that this Court finds in the just-filed Answer of certain defendants--the

---

[1] There may of course be room for disagreement on that score--for a view that pleading is a game that is part of the larger game of litigation.  If so, at least in cases on this Court's calendar counsel must reconcile themselves to playing the game by this Court's rules (which this Court views as adhering to the letter and spirit of the Rules themselves).

Cook County Board of Review, Joseph Berrios and Thomas Jaconetty--to the First Amended Complaint ("FAC") brought against them by Victor Santana, some examples should prove useful for counsel for those defendants in returning to the drawing board to recast that Answer.[2]

First, in a number of instances the Answer follows what appears to be an essential admission of the allegations in an FAC paragraph with the following purported caveat (see, e.g., Answer ¶¶8-10, 24, 26 and 64):

> Further answering, defendants deny each and every remaining allegation as set forth in paragraph -- of plaintiff's First Amended Complaint.

Denial of what? Counsel should take a fresh look to see whether anything would really be given up by a straightforward admission of the FAC allegations in question.

Still another annoyance is occasioned by defense counsel's ignoring of some FAC allegations in favor of substantively revised versions that counsel can then deny (see, e.g., Answer ¶¶20, 21 and 67). That kind of switch is of course unacceptable. Instead counsel should speak directly to each allegation as

---

[2] Two sets of other defendants--first Brendan Houlihan and John Sullivan, then Larry Rogers, Jr. and Scott Guetzow--each set represented by other counsel, have also filed separate Answers. This Court has made no effort to parse those pleadings at all, so that this memorandum order should not be misunderstood as an expression of its views on those pleadings. At the same time, counsel for those defendants should also take a fresh look at their own work products to see whether some revision is called for.

Santana's counsel has pleaded it (perhaps by voicing a Rule 8(b)(5) disclaimer if the allegation cannot be admitted or denied in good faith).

Next, Answer ¶23 accurately identifies a point of contention between the parties: Santana claims that defendants banned him from the Board of Review, while defendants say that the acknowledged ban was limited to the Board's private office areas. With that difference established, defense counsel would be better advised to add to that paragraph of the Answer a statement that all further paragraphs of the Answer will respond to the FAC's references to a "ban" as though defendants' version of events were the correct one. By doing so, defense counsel could render such responses as those in Answer ¶¶24, 26, 35 and 40 less cumbersome and more informative.[3]

Finally in this list of examples, this Court does not find satisfactory the denials in Answer ¶¶41, 46 and 47 on the essential ground that Santana's counsel has not set out a compendium of First Amendment jurisprudence in the corresponding paragraphs of the FAC. Under the caselaw Santana does have a constitutionally protected liberty interest of the type he asserts, although the parties are obviously free to disagree as

---

[3] Counsel should also take a hard look at a good many of the present outright denials, which might perhaps take a different form once the suggested caveat has been inserted into Answer ¶23.

3

to the scope of that interest and as to whether it has been impinged by defendants' conduct.

Although this memorandum order will stop here, defense counsel is expected to conform to its general approach in rewriting the Answer, pausing at each paragraph to see what the general principle set out at the outset of this opinion calls for. Accordingly the Answer is stricken without prejudice, with leave granted to file a self-contained Amended Answer to the FAC on or before May 3, 2010.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 21, 2010